[Civ. No. 14014. First Dist., Div. Two. Apr. 20, 1949.]

MARIAN Y. READ, Appellant, v. ALFRED C. READ, JR., Respondent.

C. Ray Robinson, Willard B. Treadwell and Margaret A. Flynn for Appellant.

Stanley R. Sterne for Respondent.

NOURSE, P. J.—Plaintiff, who had been the successful litigant in an action for divorce, moved for execution after five years under the provisions of section 685 of the Code of Civil Procedure. A decree of divorce had been entered in October, 1933, awarding plaintiff custody of the two minor children, $50 a month for the support of plaintiff, and $50 a month to be paid to plaintiff for the support of each minor child. The defendant having been in arrears on these payments the plaintiff filed her motion for execution on February 16, 1948. Following a hearing the order which is the subject of this appeal was made on April 22, 1948, denying the motion insofar as it sought execution for sums accruing five years prior to the order, but reserving to plaintiff the right to a writ for sums due within said five-year period. On April 23, 1948, a writ of execution was directed to issue in the sum of $3,600, that being the amount which had accrued during the five-year period.

█ The appeal is taken from the order of April 22, 1948, and presents the single question of the right of appellant to a writ covering the sums accruing more than five years prior to the date of the order. The respondent has not filed a brief and his counsel has declined to make an appearance. On the hearing it appeared that after the divorce of these parties respondent had married another and produced two children. A divorce from the second marriage followed and respondent married another and produced one child. The third marriage ended in a divorce. These matters being before the trial court when the request for execution covering accruals prior to the five-year period was presented, the issue was one addressed to the discretion of the trial court. (*Butcher* v. *Brouwer*, 21 Cal.2d 354, 358 [132 P.2d 205]; *Lohman* v. *Lohman*, 29 Cal. 2d 144, 148 [173 P.2d 657]; *Di Corpo* v. *Di Corpo*, 33 Cal.2d 195, 199 [200 P.2d 529].)

Insofar as the order reserves the right to execution for the sums accruing during the immediate five-year period [this reservation was covered by a subsequent order that such a writ should issue] the trial court followed the accepted rule that a writ will issue for such instalments "as a matter of right." (*Di Corpo* v. *Di Corpo, supra*; *Lohman* v. *Lohman, supra*; *Wolfe* v. *Wolfe*, 30 Cal. 2d 1, 4 [180 P.2d 345].)

As to the portion of the order of April 22, 1948, denying the application for a writ covering the antecedent instalments the appeal is controlled by the Butcher case and those cited above and the only debatable question is whether the reviewing

court should say that there was an abuse of discretion. We have nothing more before us than the affidavits which were before the trial court. These show a delay of 15 years from the date of the judgment to the date of the hearing. During most of that time the parties were living in the same city of Oakland. The appellant had remarried and seems to have made only sporadic efforts to collect the payments. But it does not appear that she made any consistent effort to ascertain whether respondent had any property subject to execution.

The discretion of the trial court is just as good as ours and a better showing than that made here is necessary to justify a holding that such discretion has been abused. We need only follow the former opinion of this court in *Cochrane* v. *Cochrane,* 57 Cal.App.2d 937 [135 P.2d 714].

The order is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied May 20, 1949, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1949. Carter, J., voted for a hearing.