[Civ. No. 14803. First Dist., Div. Two. Feb. 8, 1952.]

JANICE LEVENE, Appellant, v. HAROLD LEVENE, Respondent.

Abraham Setzer for Appellant.

Esmond Schapiro for Respondent.

NOURSE, P. J.—Appellant and respondent were divorced in March, 1932. Appellant was awarded custody of their two minor children for whose support respondent was ordered to pay $50 a month. Both parties have since remarried and have continuously resided in San Francisco. During the first five years following the judgment respondent made no payments and, concededly, was unable to do so. In 1939 respondent opened a jewelry business in San Francisco in which he prospered and from the proceeds of which he and his second wife acquired considerable property, both real and personal, and maintained at least two bank accounts. Until December, 1949, appellant did nothing to collect on the judgment or to discover property subject to execution except to consult several friends of hers who were lawyers. She took no court action. As a result of the proceedings initiated in 1949 appellant had an order that execution issue covering the instalments accruing during the five-year period preceding the order and denied as to the prior instalments. Respondent complied with this order paying appellant the full sum awarded with interest and costs.

The appeal is taken from the portion of the order denying execution covering instalments falling due more than five years prior to the motion.

The first ground stated is that section 685, Code of Civil Procedure, is precise in its terms. The second point is: "The rationale decidendi of the decisions of our appellate courts permitting a creditor to enforce a judgment after the elapse of five years from the entry thereof is that the creditor must show that he did previously comply with section 681 C.C.P., within the time therein limited, or, that he show the futility of the issuance of execution during said period." The third point is that in considering such an application after the five-year period the court should do equity. The fourth point is a criticism of *Maguire* v. *Corbett*, 101 Cal.App.2d 314 [225 P.2d 606], as being out of line with *Butcher* v. *Brouwer*, 21 Cal.2d

354 [132 P.2d 205]. The fifth point is that since it would have been an idle act to have sought execution during the five-year period such act was not required. The sixth point is but an extended comment on some of respondent's evidence which indicated his willingness to pay some part of the judgment in recent years if he had been requested to do so. The relevancy of this discussion is not apparent. ▮ The seventh point is that respondent failed to show that if execution had been sought prior to this application it would have been effective. Such burden does not rest on the judgment debtor. (*Beccuti v. Colombo Baking Co.*, 21 Cal.2d 360, 363 [132 P.2d 207].) The foregoing, as well as the four ''points'' next listed are not arguments on the merits of the case and require no comment. The last point is that respondent made no showing that he is not now financially able to pay all sums accruing under the judgment. This was a matter that was not, and could not have been, put in issue. Respondent's case rested on the theory that the remaining instalments were no longer due because of the limit of the statute. ▮ If a defendant resists on the ground that the plaintiff does not hold a legally enforceable obligation his ability to pay is beside the issues.

▮▮ The case for respondent is controlled by *Butcher v. Brouwer*, 21 Cal.2d 354 [132 P.2d 205]; *Di Corpo v. Di Corpo*, 33 Cal.2d 195 [200 P.2d 529]; *Lohman v. Lohman*, 29 Cal.2d 144 [173 P.2d 657]; *Read v. Read*, 91 Cal.App.2d 357 [205 P.2d 44]; *Maguire v. Corbett*, 101 Cal.App.2d 314 [225 P.2d 606], and many other cases holding that the failure of the judgment creditor to exercise diligence to discover leviable property of the debtor is sufficient to defeat his motion for a writ of execution and that whether such diligence has been exercised is a question resting with the trial court. ▮ And when the trial court has exercised its discretion the reviewing court may not disturb the judgment except upon a showing of a clear and positive abuse of such discretion. No abuse of that discretion has been disclosed here.

An appeal was also taken from an order purporting to dissolve a preliminary injunction but it is not pressed, and furthermore it is wholly without merit.

Orders affirmed.

Goodell, J., and Jones, J. pro tem., concurred.

A petition for a rehearing was denied March 8, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 3, 1952.