[Civ. No. 20402. Second Dist., Div. Two. Nov. 19, 1954.]

BEVERLY RUPP, Appellant, v. LLOYD RUPP,
Respondent.

Clifton A. Hix for Appellant.

John Howard and Frye & Yudelson for Respondent.

McCOMB, J.—From an order denying plaintiff's motion
for the issuance of a writ of execution on a judgment for
child support, plaintiff appeals.

## Chronology

1. August 6, 1937, plaintiff obtained an interlocutory judgment of divorce against defendant by which judgment she was awarded the custody of the minor son of the parties, then age 2, and defendant was ordered to pay plaintiff the sum of $4 per week for the support of said child until the further order of the court.

2. June 18, 1938, defendant was served with an order to show cause *in re* contempt for failure to comply with the provisions of the interlocutory decree for support.

3. July 1, 1938, the date set for the hearing of the contempt order, defendant failed to appear. A bench warrant was issued for him and the order to show cause continued to July 18, 1938.

4. January 31, 1939, defendant was again served with an order to show cause *in re* contempt for failure to comply with the support order and a hearing set thereon for February 28, 1939.

5. February 28, 1939, the trial judge found defendant to be delinquent in the sum of $147 as of January, 1939, and it was ordered that an execution might issue against him. The order to show cause *in re* contempt was dismissed.

Defendant admits that he has made no payments on account of the support order since the hearing on February 28, 1939.

On August 4, 1953, plaintiff served notice of motion for issuance of a writ of execution against defendant for the unpaid balance due on the order for support, which motion was on November 12, 1953, denied by the court.

*Question: Did the record show that the trial court's ruling was correct because plaintiff had failed to use the due diligence which would entitle her to an execution for the full amount of defendant's delinquency to the date of plaintiff's motion?*

*Yes.* These rules are here applicable:

■ (1) The judgment creditor's failure during the first five years after entry of judgment to exercise diligence to discover leviable property of the debtor is sufficient to defeat the creditor's motion for a writ of execution made more than five years after entry of the judgment. (*Levene* v. *Levene,* 109 Cal.App.2d 155, 157 [3-4] [240 P.2d 730].)

■ (2) Whether a judgment creditor during the first five years after entry of judgment exercised due diligence to discover leviable property of the debtor is a question for the trial court, whose determination will not be disturbed

upon appeal except upon a showing of a clear abuse of discretion. (*Levene* v. *Levene, supra,* 157 [5]; *James* v. *James,* 84 Cal.App.2d 115, 120 [190 P.2d 219].)

 (3) An abuse of discretion must be affirmatively shown by the party who appeals. (*Wilder* v. *Wilder,* 214 Cal. 783, 785, [2-3] [7 P.2d 1032]; *Wolfe* v. *Wolfe,* 30 Cal.2d 1, 5 [4] [180 P.2d 345].)

 The record discloses in the instant case that since 1937, defendant had owned real property in California; that he owned automobiles in this state; that he had had bank accounts and engaged in business in Los Angeles County during such period. It likewise discloses that plaintiff knew where defendant was living, or could have readily ascertained such fact by inquiry of his relatives whose residences she knew. An examination of the records would have disclosed the property which defendant owned in California. This plaintiff did not do.

It likewise appears that defendant has at various times had his son living with him, during which periods he supported him.

The foregoing evidence amply supports the trial court's finding that plaintiff had not exercised due diligence, which in turn supports the trial court's exercise of its discretion in denying the application for a writ of execution. Therefore, under the rules above stated, since there is not a clear and positive showing of an abuse of discretion by the trial court the order appealed from must be affirmed.

In view of our conclusions it is not necessary to discuss other points argued by counsel.

Affirmed.

Moore, P. J., and Fox, J., concurred.