[Civ. No. 44229. First Dist., Div. One. July 18, 1979.]

MARY P. HUDSON LEIDEN, Plaintiff and Respondent, v. PHIL H. HUDSON, Defendant and Appellant.

74

COUNSEL

Bernhardt & Biasotti and Paul R. Bernhardt for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—A former husband appeals from that portion of the order entered December 29, 1977, which decrees that he owes to his former wife, respondent herein, "as arrearages of child support the following amounts for the described periods: a) for the year 1960 — $350.00; b) for the year 1961 — $1,115.00; [and] c) for the year 1962 — $1,200.00." The order further states that former wife "is entitled to recovery of the arrearages due beyond the period of ten years pursuant to [Code of Civil Procedure section] 685."

Code of Civil Procedure section 681 provides in pertinent part: "The party in whose favor judgment is given may, at any time within 10 years after the entry thereof, have a writ or order issued for the execution or enforcement of the judgment." ▪ It is clear that under Code of Civil Procedure section 681, a former wife is entitled to enforce her right of

\*Before Racanelli, P. J., Elkington, J., and Newsom, J.

execution upon any installments of child support that have accrued within 10 years of the date of her application for a writ of execution. This right is not subject to the defense of laches, nor can the amount be modified, and the only discretion the court has in granting such a writ of execution as to accrued installments is to condition issuance of the writ on noncompliance with an order to discharge accumulated arrearages. (*Szamocki* v. *Szamocki* (1975) 47 Cal.App.3d 812, 818 [121 Cal.Rptr. 231].)

Code of Civil Procedure section 685 provides in pertinent part: "In all cases the judgment may be enforced or carried into execution after the lapse of 10 years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of Section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion. This section does not limit the jurisdiction of the court to order issuance of such writ prior to the lapse of said 10-year period in cases where the party in whose favor judgment is given is not entitled to a writ under Section 681 of this code. [¶] Judgment in all cases may also be enforced or carried into execution after the lapse of 10 years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings . . . ."

*Alonso Inv. Corp.* v. *Doff* (1976) 17 Cal.3d 539, 543, [131 Cal.Rptr. 411, 551 P.2d 1243], states: "A close scrutiny of section 685 itself also reinforces our conclusion that it is not intended to limit the effect of section 681. In moving for 'enforcement' of a judgment under section 685, the judgment creditor must supply affidavits 'setting forth the reasons for failure to proceed in compliance with the provisions of Section 681 . . . .' A failure to express such reasons constitutes sufficient grounds to deny the motion. (*Id.*) Thus, by its terms, section 685 is intended to provide a means of 'enforcement' *where there has been an excusable failure to seek satisfaction of the judgment* within the 10-year period. (*Butcher* v. *Brouwer* (1942) 21 Cal.2d 354, 357 [132 P.2d 205].) Section 685 simply furnishes a judgment creditor with an *additional* means whereby he may obtain execution when he has failed to comply with section 681."

While the record before this court discloses no affidavit filed by respondent, the order to show cause was accompanied by a declaration by respondent under penalty of perjury which states that the question of arrearages for the period July 16, 1960, to July 1, 1970, "was apparently

not resolved in the prior OSC hearing of Sept. 18, 1973 . . . ." Included in the declaration is a listing of the amounts of child support allegedly due and owing and paid. Respondent testified that she waited from June 1960 until 1973 before she took action because she didn't have any money to hire an attorney and didn't know where appellant was; that she had requested support payments from appellant through his parents but they wouldn't tell her where he was; and that she went to the district attorney many times but never got any help. We conclude that the combination of appellant's written declaration and her testimony constitutes substantial compliance with statutory requirement of the affidavit and that she was not chargeable with a lack of diligence. The order for child support arrearages properly issued.

■ Appellant contends, however, that the 1973 judgment on the order to show cause in re modification and the order to show cause in re contempt is res judicata in the present case. He relies on Code of Civil Procedure section 1908 and "case law stat[ing] that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is in all such court actions conclusive of the rights of the parties, which were or might have been determined." We conclude that the 1973 judgment is not res judicata. The order modifying child support entered October 11, 1973, while finding that the matters set forth in wife's declaration re order to show cause are true, which would include her statement of arrearages, makes no further reference to arrearages of child support. Thus, we feel compelled to invoke Code of Civil Procedure section 1911 which provides "[t]hat only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

The order is affirmed.