[No. F030580. Fifth Dist. Nov. 17, 1999.]

In re the Marriage of RUTH E. and ALBERT E. SWEENEY.
RUTH E. MASSEY, Appellant, v.
ALBERT E. SWEENEY, Respondent.

### COUNSEL

Maroot, Hardcastle & Hatherley, John M. Melikian and V. Wayne Hardcastle for Appellant.

David J. Borges for Respondent.

### OPINION

**WISEMAN, J.**—There is a Spanish proverb that says, "Manana is often the busiest day of the week." We recognize that many people do not adhere to the philosophy expressed by Benjamin Franklin, who wrote, "Never leave that till tomorrow which you can do today." In spite of this, we gladly close the door on a case where appellant has taken the meaning of procrastination to new heights rarely seen even in the justice system. She is seeking back child support owed for children who would now be 49, 47, and 46 years old,

respectively. Although the trial court correctly observed, "ma'am, you didn't get what you were entitled to," there comes a point when enough is enough.

Here, we hold appellant is not entitled to enforce a November 6, 1963, child support order pursuant to Family Code section 4502.

### PROCEDURAL AND FACTUAL HISTORY

Ruth (appellant) and Albert Sweeney (respondent) were married until 1963, when they divorced. The marriage produced three children: Johnnie (born Nov. 18, 1950), Debra (born Nov. 17, 1952) and Sherry (born Nov. 2, 1953). A child support order filed on November 6, 1963, provided that respondent was to pay appellant $50 a month for each child until the children reached their respective majorities (1968, 1970, & 1971). Respondent failed to make all the support payments, and the amount of arrearages is in dispute.

On October 11, 1979, the superior court denied appellant's "motion for execution to issue on dormant judgment." The court found: (1) appellant did make attempts to collect the child support, which was ordered paid through the district attorney's office; (2) respondent was jailed in 1964 for contempt of court for failure to make support payments; (3) in 1969 an execution was issued which was unsuccessful; (4) since 1969, no further action was taken to collect the child support; (5) appellant's health had been poor, and she did not have the funds to hire an attorney to assist her; (6) appellant had been aware for many years that respondent would receive certain real property when his mother's life estate was terminated; and (7) the Tulare County Recorder's Office shows that respondent and his then wife were the record owners of a substantial parcel of real property since 1969 (though it was not clear whether this was the same property under (6) above). The court held that in light of its findings, (1) any investigation would have revealed the recorded deed; (2) merely recording an abstract of judgment in the dissolution action would have created a lien on any of respondent's property; and concluded (3) appellant failed to exercise even slight diligence in enforcing the judgment, as required by law.

Appellant did not appeal this ruling. However, 18 years later, on or about October 27, 1997, appellant applied for an abstract of a support judgment, which was issued on December 2, 1997.

On January 27, 1998, respondent filed a motion for an injunctive order to preclude appellant from attaching his property or engaging in other collection efforts; for sanctions against appellant; and for removal of the cloud on

his real property by the removal of the abstract of judgment, which was recorded in December 1997.

Appellant filed an opposition, relying on Family Code[1] section 4502 for the proposition that child support judgments no longer were required to be renewed, and these judgments are now enforceable until paid in full. The matter was heard on February 25, 1998. The court held section 4502 did not apply or control, and instead, the matter was resolved by the 1979 ruling. In addition, the court held detrimental reliance on the 1979 ruling also precluded application of section 4502. The court ordered the judgment debtor examination off calendar, denied respondent's request for attorney fees or sanctions, and ordered the abstract of judgment to remain in effect for 60 days to allow an appeal. The court also found appellant had neither the money nor the knowledge of her right to appeal the 1979 ruling, and made no finding regarding the amount of child support arrearages.

Timely notice of appeal was filed.

### DISCUSSION

Appellant contends she is entitled to enforce the November 6, 1963, child support order at this time pursuant to section 4502. Respondent argues the doctrine of res judicata was properly applied by the court, and that laches and estoppel principles also apply due to his detrimental reliance on the 1979 ruling. We affirm the judgment.

Section 4502 currently provides: "Notwithstanding any other provision of law, a judgment for child, family, or spousal support, including a judgment for reimbursement or other arrearages, is exempt from any requirement that judgments be renewed. A judgment for child, family, or spousal support, including all lawful interest and penalties computed thereon, is enforceable until paid in full."

In *Trend* v. *Bell* (1997) 57 Cal.App.4th 1092, 1097-1098 [68 Cal.Rptr.2d 54], the court explained the legislative history of section 4502, as follows:

"Under the original version of former Civil Code section 4384.5, a judgment for child support could be renewed like any other judgment. (Stats. 1986, ch. 1046, § 1, p. 3670.) In 1992 that statute was amended to provide that support orders were enforceable 'until paid in full.' (Stats. 1992, ch. 718, § 3.) That rule continues in the new Family Code. (Fam. Code, § 4502, added by Stats. 1993, ch. 219, § 143.)

---

[1]All statutory references are to the Family Code unless otherwise indicated.

"As of the effective date of the 1992 enactment of former Civil Code section 4384.5 (Jan. 1, 1993, see Gov. Code, § 9600), all extant support judgments became enforceable 'until paid in full' as far as California law was concerned.

"Prior to 1993 support installments were enforceable (by execution) for 10 years. (Code Civ. Proc., § 683.020; *Leiden* v. *Hudson* (1979) 95 Cal.App.3d 72, 74-75 [156 Cal.Rptr. 849] ['a former wife is entitled to enforce her right of execution upon any installments of child support that have accrued within 10 years of the date of her application for a writ of execution'].) That period could be extended (*id.* at pp. 74-75), but in this case no effort to do so was made."

The issue presented here is whether section 4502 can be applied and whether this support judgment was extant on the effective date of the 1992 enactment of former Civil Code section 4384.5. Under settled case law, which we noted in *Singer Co.* v. *County of Kings* (1975) 46 Cal.App.3d 852 [121 Cal.Rptr. 398], "[u]nless the statute expressly provides to the contrary, any enlargement of a limitation period applies only to matters pending, but not already barred." (*Id.* at p. 866, citing *Douglas Aircraft Co.* v. *Cranston* (1962) 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298]; *Mudd* v. *McColgan* (1947) 30 Cal.2d 463, 467-468 [183 P.2d 10].) Stated differently, ". . . as a rule of statutory construction, it is established that an enlargement of limitations operates prospectively unless the statute expressly provides otherwise." (*Gallo* v. *Superior Court* (1988) 200 Cal.App.3d 1375, 1378 [246 Cal.Rptr. 587].)

Here, according to *Trend* v. *Bell, supra*, 57 Cal.App.4th 1092 and under the plain meaning of section 4502, this statute does not expressly provide that it applies retroactively to claims already barred, or that these claims can be revived. Appellant does not argue that section 4502 expressly provides that it applies to previously barred claims. In fact, appellant fails to address this critical issue at all. She merely points out that since the child support judgment was never paid in full, section 4502 permits enforcement until it is paid in full. This argument, which is unsupported by citation to any authority, is rejected.

The only remaining issue is whether appellant's claim was previously barred, or instead remained extant. The record on this question is undisputed. The judgment became dormant 10 years 'after it was entered in 1963. Appellant attempted to execute on the judgment by filing a motion for execution to issue on the dormant judgment in 1979, which was denied. The denial was not appealed, and it became final many years before the enlargement of the limitations statute went into effect in 1992. After the 1979 ruling

became final, appellant's claim for child support arrearages was barred by the doctrine of res judicata, under the principles of merger or bar. (See generally, 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, §§ 342, 348, pp. 899-900, 906-907.)

Although it is unnecessary to reach the trial court's alternative ruling that detrimental reliance on the 1979 ruling also precluded application of section 4502, it is also supported by the case law and principles of fairness. As the court stated in *Gallo* v. *Superior Court, supra,* 200 Cal.App.3d 1375, in explaining the general rule against retroactive application of statutes enlarging limitations: "The reason for this rule is a judicial perception of unfairness in reviving a cause after the prospective defendant has assumed its expiration and has conducted his affairs accordingly. . . . 'The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. . . .' " (*Gallo* v. *Superior Court, supra,* 200 Cal.App.3d at pp. 1378-1379; see also *In re Marriage of Plescia* (1997) 59 Cal.App.4th 252, 256-262 [69 Cal.Rptr.2d 120] [enactment of § 4502 eliminating limitations period did not eliminate the prejudice aspect of the equitable defense of laches].)

### DISPOSITION

The judgment is affirmed. Costs are awarded to respondent.

Dibiaso, Acting P. J., and Vartabedian, J., concurred.