Opinion
NOTT, Acting P. J.
In 1992, the law was amended to provide that judgments for child, family or spousal support were exempt from any requirement for renewal, and were enforceable until paid in full. Notwithstanding that amendment, Division Two of the Fourth District held the defense of laches was still available to thwart a stale attempt at enforcement of a judgment for past due spousal support. (In re Marriage of Plescia (1997) 59 Cal.App.4th 252 [69 Cal.Rptr.2d 120] (Plescia).)
In this opinion, we extend the holding of Plescia to apply also to past due child support.
Background
Melanie J. Fogarty appeals from a decision denying her request to correct a renewed judgment for past due child support against her former husband, respondent Ronald Rasbeary. She also appeals from the trial court’s order granting respondent’s motion to set aside the renewal of the judgment.
The marriage of appellant and respondent was dissolved in mid-1976. Their union had produced a daughter, Renee, born on December 17, 1967.
The record shows that appellant and respondent were initially not good parents, leading the maternal grandparents (Ron and Chrystal Garside) to *1357 remove Renee from the parties’ custody when Renee was approximately one year old. From that point on, with the parties’ blessing, the Garsides raised Renee as their own. Renee graduated from high school in June 1986. She is now a 32-year-old truck driver who, at the time of the last hearing, still resided with Mr. Garside.[1]
Even though Renee resided with the Garsides, the judgment of dissolution gave custody of Renee to appellant and required respondent to pay appellant $150 per month for child support. He initially did so, but on a sporadic basis. He was often late, and sometimes did not pay the full amount due. The payments were sometimes made to the Garsides, and sometimes made to appellant, who evidently turned at least some of them over to the Garsides.
Between 1976 and 1980, appellant filed several contempt citations for. respondent’s failure to timely pay child support. She also threatened him with enforcement proceedings through the district attorney.
Respondent then married his current wife, Sherry. The two had a child. In 1981, Mr. Garside purportedly told respondent and Sherry that the two of them had enough financial problems to worry about; that the Garsides did not need any support payments for Renee; and that respondent could fulfill his support responsibilities by building Renee a tack cabin for her horse gear,[2] and paying for “extras” like YWCA camp and similar activities. Respondent claims that he did so, building the tack cabin, and over the years paying for camping, ski trips, concerts, medical bills, clothes, and giving Renee spending money.
For the past 22 years, respondent has maintained a residence in either the Venice or Marina Del Rey areas. His telephone number has always been listed, along with his address. Additionally, Renee and the Garsides always knew where respondent lived and how to reach him. Conversely, respondent stated that appellant moved from place to place and refused to give respondent her address.
On May 8, 1997, appellant obtained a summary renewal of the judgment of dissolution, claiming unpaid support in the sum of $20,086.18, accrued interest of $31,345.29, and costs of $14.00, for a total of $51,445.47.
After being served with a copy of the renewed judgment, respondent filed a motion to vacate, claiming expiration of the statute of limitations and *1358 laches. Appellant filed a countermotion to correct the sums due under the renewed judgment, and for attorney fees.
The parties then filed extensive points and authorities and numerous declarations. At the hearing on the matter, the trial court found that the declarations did not create any substantial conflict of fact, and declined to hear any live testimony.[3]
After substantial argument, the trial court denied appellant’s request to amend the renewed judgment. The court granted respondent’s motion to vacate the renewed judgment. The stated reason was laches on the part of appellant in knowing that enforcement proceedings were available to her through contempt or the district attorney, and yet taking no action for the past 17 years. The trial court characterized her conduct as a transparent attempt to obtain the money for herself, because there was no evidence to show that appellant had ever raised Renee or contributed financially to her support. The trial court found the delay in enforcing the judgment was prejudicial to respondent, who had declared that based on the statement by Mr. Garside, he did not keep financial records of all the money he spent on Renee, nor did he set any money aside in any bank account or trust fund.
The trial court found no unclean hands by respondent, because he did not walk away from Renee, but instead kept in frequent contact with her and the Garsides.
Issues on Appeal
There are two primary issues on appeal. First, does the doctrine of laches apply as an equitable defense to the enforcement of past due child support? If so, did the trial court abuse its discretion in applying the defense of laches to the facts presented?
*1359 Discussion
1. Whether Laches Is Available as an Equitable Defense
a. Statutory Overview
Prior to 1992, judgments for child and spousal support expired within a stated period of years. Accordingly, such judgments had to be periodically renewed, similar to any other civil judgment.
In 1992, when family law proceedings were still within the Civil Code, the Legislature amended former Civil Code section 4384.5 to provide that judgments for child support and spousal support were exempt from renewal, and that those judgments were enforceable until fully paid.
In 1993, the Family Code supplanted the Civil Code as to family law matters. Family Code section 4502 took the place of former Civil Code section 4384.5. The new section reads as follows: “Notwithstanding any other provision of law, a judgment for child, family, or spousal support, including a judgment for reimbursement or other arrearages is exempt from any requirement that judgments be renewed. A judgment for child, family, or spousal support, including all lawful interest and penalties computed thereon, is enforceable until paid in full.”
Family Code section 290 is the reincarnation of former Civil Code section 4380. Section 290 provides: “A judgment or order made or entered pursuant to this code may be enforced by the court by execution, the appointment of a receiver, or contempt, or by such other order as the court in its discretion determines from time to time to be necessary.” However, Code of Civil Procedure section 683.130 generally governs the time for enforcement of civil judgments. The legislative history shows that in order to eliminate any potential confusion, that latter section was amended in 1994 to specifically exempt judgments for child, family and spousal support from any requirements for renewal.
b. Laches
Laches is an equitable defense to the enforcement of stale claims. It may be applied where the complaining party has unreasonably delayed in the enforcement of a right, and where that party has either acquiesced in the adverse party’s conduct or where the adverse party has suffered prejudice thereby that makes the granting of relief unfair or inequitable. (Conti v. *1360 Board of Civil Service Commissioners (1969) 1 Cal.3d 351, 359 [82 Cal.Rptr. 337, 461 P.2d 617]; Wells Fargo Bank v. Bank of America (1995) 32 Cal.App.4th 424, 439 [38 Cal.Rptr.2d 521].)
c. Courts of Equity
Although the distinction between courts of equity, and courts of law has become somewhat blurred in current practice, family law courts have traditionally been regarded as courts of equity. (24A Am.Jur.2d (1998) Divorce and Separation, § 1002, p. 386.) As a court of equity, a family law court thus has the inherent power to provide for the support of minor children. (Ibid.) The obligation of each parent to support his or her minor child is based on common law principles, irrespective of statutory authority. (In re Marriage of Katz (1988) 201 Cal.App.3d 1029 [247 Cal.Rptr. 562]; 33 Cal.Jur.3d (1994) Family Law, § 1077, p. 586.)
d. General Applicability of Laches to Child Support Judgments
Nationwide, the authorities are split as to whether laches is an appropriate defense for a judgment for past due child support. The jurisdictions that disallow laches do so on the basis that judgments for spousal support and child support are the same as civil judgments obtained in a court of law, and thus not subject to an equitable defense. (Annot. (1981) 5 A.L.R.4th 1015, §§ 3a, 6; 24A Am.Jur.2d, supra, Divorce and Separation, § 1063, p. 466.)
Historically, California has been in the group of states that has allowed laches as a defense.[4] In fact, case law has held that lack of diligence alone, even without a finding of prejudice, was sufficient to disallow the enforcement of a judgment for child support. (Lohman v. Lohman (1946) 29 Cal.2d 144, 148-149 [173 P.2d 657]; Di Corpo v. Di Corpo (1948) 33 Cal.2d 195, 199 [200 P.2d 529]; Levene v. Levene (1952) 109 Cal.App.2d 155, 157 [240 P.2d 730]; Rupp v. Rupp (1954) 129 Cal.App.2d 23, 24 [276 P.2d 144].) Former Civil Code section 4384 (now Fam. Code, § 291) provided that lack of diligence in enforcement of a judgment for child support was a factor for the court to consider in allowing enforcement of a family court judgment.[5] Additionally, some cases' held that the creditor-spouse had waived the right *1361 to enforce a support judgment. (In re Marriage of Paboojian (1987) 189 Cal.App.3d 1434, 1439 [235 Cal.Rptr. 65]; Graham v. Graham (1959) 174 Cal.App.2d 678, 683-684 [345 P.2d 316].)
Plescia was published in late 1997. Even though the issues in that case involved spousal support rather than child support, the analysis is appropriate here because, as previously noted, child support (like spousal support) is inherently equitable in nature.
In Plescia, supra, 59 Cal.App.4th 252, the appellate court upheld the trial court’s ruling that a nine-year delay in seeking to enforce two years of past due spousal support, plus prejudice to the debtor-spouse (who had retired), constituted laches. The appellate court also held that the elimination of a period of limitations for enforcing a spousal support order did not eliminate the applicability of a laches defense. Next, the court stated that a traditional common law defense cannot be supplanted without specific legislative directive. (Id. at p. 261.) Finally, the Plescia court decided that the Legislature’s evident elimination of diligence (as to judgments for support) did not necessarily also eliminate laches, since there are different elements involved in laches, i.e., unreasonable delay coupled with prejudice to the party asserting the defense. (Id. at p. 262.)[6]
e. Legislative Intent
Appellant contends that by eliminating any period of limitations for the enforcement of child support, the Legislature has by implication eliminated laches as a defense. In that regard, appellant supports her contention with several attractive arguments.
First, she notes that by virtue of the abrogation of the period of limitations for the enforcement of child support judgments, the language of Family Code section 291 that “lack of diligence . . . shall be considered” is no longer applicable to support judgments. Appellant’s reasoning is that the *1362 lack of diligence “for more than the period [of limitations] specified in Chapter 7” is now a nullity as applied to child support, since a period of limitations to enforce such a judgment does not currently exist.
The second argument is that had the Legislature intended to allow a defense of laches, it would have specifically so stated, as it did in Family Code sections 1101 (claim for breach of fiduciary duty), 1617 (actions asserting a claim for relief from premarital agreements), and 4612 (motion to deposit funds to secure future support payments).
We disagree with appellant’s conclusion. Rather, we concur with Plescia’s discussion and holdings as to legislative intent, which we do not repeat here. Instead, we add the following thoughts. In construing a statute, it is our obligation to attempt to “ ‘ascertain the intent of the Legislature so as to effectuate the purpose of the law.’ ” (Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) In doing so, we are to give words their “ ‘usual, ordinary import.’ ” (Ibid.) In addition to the words of the statute, a reviewing court may also rely on extrinsic aids. (California Teachers Assn v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].)
 The words of Family Code section 4502 are clear and unambiguous. What is not so clear, however, is whether the traditional defense of laches applies. While it is true the Legislature did not specifically mention laches as a defense, it did not specifically prohibit it either. Even though the Legislature has previously set out laches as a defense in the other Family Code sections mentioned above, the Legislature is presumably aware of the fact that for over 50 years, case law has held that laches is a defense to the collection of stale child and spousal support judgments. (People v. Hall (1994) 8 Cal.4th 950, 961-962 [35 Cal.Rptr.2d 432, 883 P.2d 974]; People v. Overstreet (1986) 42 Cal.3d 891, 897 [231 Cal.Rptr. 213, 726 P.2d 1288].)
In attempting to decipher legislative intent, some of the extrinsic aids we are allowed to consider are the history of the statute and committee reports. (California Teachers Assn v. San Diego Community College Dist., supra, 28 Cal.3d at p. 700; Rich v. State Board of Optometry (1965) 235 Cal.App.2d 591, 603 [45 Cal.Rptr. 512]; National R.V., Inc v. Foreman (1995) 34 Cal.App.4th 1072, 1083 [40 Cal.Rptr.2d 672].)
The 1992 version of former Civil Code section 4384.5 arose out of Assembly Bill No. 568 (1991-1992 Reg. Sess.) (Bill No. 568). As originally passed in the Assembly in 1991, Bill No. 568 did not contain any provision regarding the exemption of family law judgments from periodic renewal. In *1363 fact, Bill No. 568 started out as a bill involving assistance dogs. It went through an amazing transformation in both the Assembly and the Senate. Bill No. 568 was finally amended in the Senate to add five new provisions regarding paternity and child support, including the provision that is the subject of this appeal, to wit, former Civil Code section 4384.5. Although the legislative history shows little discussion as to the need for the latter provision, it appears that the driving force was the difficulty that various district attorneys were having in keeping up with renewal of support judgments, given their huge volume of work combined with shortage of staff.
The history also shows that the Legislature was aware of the problem with enforcement of stale judgments and the potential conflict between various enforcement statutes. Most important to our resolution of this issue, the Senate Committee on the Judiciary held a hearing on the proposed legislation on August 18, 1992. The report of that body contains the following statement: “Concern has been expressed that [the] provision [to exempt support judgments from periodic renewal requirements] would remove the custodial parent’s incentive to diligently seek action on a support order. However, the obligor parent could raise equitable defenses, such as laches, to prohibit an action to enforce an extremely old order.” (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 568 (1991-1992 Reg. Sess.) as amended Aug. 13, 1992, italics added.)
In view of the facts that the defense of laches has historically been applied to California child and spousal support judgments, that the Legislature did not specifically rule out the defense of laches, and that it appears the Legislature, in considering the proposed legislation, believed laches would still be available as a defense, we conclude that the trial court correctly decided respondent could indeed raise such a defense.
Contrary to the contention of amicus curiae, the case of DiMarco v. DiMarco, supra, 60 Cal.2d 387 does not compel an opposite result. During the time frames applicable in DiMarco, the creditor-spouse had 10 years to enforce a support judgment. The Supreme Court stated that laches could not be asserted by the debtor-spouse where enforcement was within that 10-year period. The law has now changed to eliminate any period of limitations for enforcement of a support judgment. However, the Supreme Court was not faced with that factual situation. We therefore hold that DiMarco does not stand for the proposition that laches can never be asserted as a defense against enforcement of a judgment for child support.
Our decision is bolstered by the overall equity of a result that allows a trial court to do what is fair under the unique factual circumstances of each case. *1364 On the other hand, to adopt appellant’s position would result in the application of a “bright-line” rule, which is seldom practical or equitable in the world of ever-shifting relationships that characterizes family law. It is a fact of life that former spouses will on occasion make temporary or permanent changes to a judgment. Often, due either to the press of time, lack of financial resources, or just plain forgetfulness, the parties will make such changes (i.e., in custody, visitation or payment of support) without bothering to go through the formality of modifying the judgment. There is simply no way to predict in advance the myriad of factual scenarios that may arise, thus confirming the inequity of a bright-line rule. It is far more appropriate that the trial court do what is fair on a case-by-case basis.
Under the current state of the law, the burden of proof has now shifted. Instead of the creditor-spouse having to justify why he or she should be allowed to renew a support judgment, the burden is now on the debtor-spouse to prove an unreasonable delay coupled with prejudice.
2. The Trial Court’s Decision
a. Standard of Review
California cases offer differing viewpoints on the appropriate standard of review for the allowance or disallowance of laches as an affirmative defense. Some of the authorities hold that the trial court’s decision is reviewed for abuse of discretion, and that such decision will not be disturbed absent a clear showing of abuse. (Lohman v. Lohman, supra, 29 Cal.2d at p. 149; Di Corpo v. Di Corpo, supra, 33 Cal.2d at p. 200; Levene v. Levene, supra, 109 Cal.App.2d at p. 157; Rupp v. Rupp, supra, 129 Cal.App.2d at pp. 24-25.)
Other cases have employed the substantial evidence test. (Marshall v. Marshall (1965) 232 Cal.App.2d 232, 252 [42 Cal.Rptr. 686]; Teixeira v. Verissimo (1966) 239 Cal.App.2d 147, 158 [48 Cal.Rptr. 496].)
At least one case has used a mixed standard, stating that a ruling made within the trial court’s discretion will stand unless there is a “manifest injustice, or unless the conclusion reached in the court below does not find substantial support in the evidence.” (Rouse v. Underwood (1966) 242 Cal.App.2d 316, 323 [51 Cal.Rptr. 437].)
We conclude the better rule is to review this matter for abuse of discretion. (Plescia, supra, 59 Cal.App.4th at p. 256.) Under that standard, we are obligated to assume that the judgment is correct. (Denham v. Superior Court *1365 (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) All intendments and presumptions are indulged in favor of the judgment. (Ibid.) Further, any conflicts in competing facts are resolved in favor of the judgment. (Walker v. Superior Court (1991) 53 Cal.3d 257, 272 [279 Cal.Rptr. 576, 807 P.2d 418].) Finally, it is the appellant’s burden to prove that, under consideration of the entire circumstances of the case, the trial court’s decision exceeded the bounds of reason. (Ibid.; Shamblin v. Brattain (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339].)
We note that as a practical matter, it makes little difference in this appeal which standard of review is utilized. If there is no substantial evidence to support the trial court, or if the application of the facts does not warrant the court’s ultimate conclusion, there would manifestly be an abuse of discretion.
b. Unreasonable Delay
Amicus curiae opines that the 17-year delay from appellant’s last action in 1980, until the current proceeding in 1997, is justified for several reasons. First, that it is notoriously difficult to enforce judgments against persons who are self-employed, and since appellant was unsuccessful in her attempts between 1977-1980, she was justified in not wanting to go through the “idle acts” of further attempts at enforcement. Second, Family Code section 4502 was enacted for the benefit of “hundreds of thousands” of creditor-spouses who had done far less at enforcement than appellant.
Neither of those arguments are supported by the record, the legislative history, or anything else of which we are permitted to take judicial notice. Accordingly, we reject both arguments as speculative.
c. Prejudice to Respondent
Appellant contends that all of the elements of laches were not proved as there was insufficient evidence to show that respondent was prejudiced by appellant’s inaction. We disagree. The trial court found that over the years, respondent made financial contributions- on behalf of Renee. Additionally, respondent declared that based on the statement of Mr. Garside that respondent did not need to pay the full $150 every month, respondent did not keep full records of all the money he spent on Renee, nor did he make provision to pay child support into a trust account. The trial court was entitled to accept that evidence as true.
. We hold that those facts adequately support the trial court’s decision that respondent suffered prejudice from appellant’s 17-year delay in seeking enforcement.
*1366 d. Unclean Hands
As a general rule, a party requesting equitable relief must come into court with clean hands. (Gavina v. Smith (1944) 25 Cal.2d 501, 525 [154 P.2d 681].) Citing Family Code section 4011, appellant asserts that by virtue of having failed to pay child support as his first priority, respondent’s hands are unclean, and he should therefore not have been given the relief of having the renewed judgment set aside.[7] Again, we disagree.
To accept appellant’s argument would mean that laches could never apply to the enforcement of delinquent child support payments, since by appellant’s definition, the failure to pay child support—regardless of the facts of each case—would automatically render the hands of the debtor-spouse unclean. As previously set forth here in part l.d., that has not been the law in California. Laches has been successfully applied in a multitude of situations where the debtor-spouse has not paid child or spousal support. Indeed, as we have stated, some of those cases have disallowed late enforcement of support judgments simply based on lack of diligence, even in the absence of prejudice to the debtor-spouse.
The trial court weighed the respective histories of both parties and made a decision adverse to appellant. The record supports that decision. The normal factual pattern we see involves the debtor-spouse (usually the father) either running away and hiding, and/or secreting assets, and/or lying about income to the creditor-spouse (usually the mother). As a result, the mother and the children) often live on the edge of poverty, with the mother either on public assistance or holding down several jobs. Such sympathetic facts are absent here.
Instead, the record shows that while respondent may not have made all of the child support payments ordered, he did stay in contact with Renee, paid for various trips and “extras” and built her a tack cabin. Additionally, based on Mr. Garside’s statement that respondent need not pay monthly child support, respondent did not keep exact records of what he spent, nor did he create a trust account for monies that would have been otherwise paid for child support. Finally, respondent did not go into hiding. He always maintained a residence and a listed telephone number in the Marina Del Rey area.
Based on the totality of the facts, the trial court did not err in refusing to apply the doctrine of unclean hands against respondent. Similarly, the facts *1367 support the trial court’s conclusion that laches applied to bar appellant’s attempt to enforce the judgment. Accordingly, appellant has not sustained her burden of showing.that the trial court’s decision exceeded the bounds of reason.
Disposition
The judgment is affirmed.
Cooper, J., and Mallano, J.,* concurred.
A petition for a rehearing was denied April 11, 2000.

Regrettably, Mrs. Garside is now deceased.

Respondent is a shipwright by trade. The item built by respondent is variously referred to in the record as a “tack cabin” and a “tack cabinet.”

The trial court has discretion to allow or disallow live testimony at an order to show cause hearing. (Reifler v. Superior Court (1974) 39 Cal.App.3d 479, 483 [114 Cal.Rptr. 356].) At the hearing, appellant asserted that her father was present to rebut some of the statements made in respondent’s declarations, but she made no offer of proof as to what that testimony would be, nor did she have an excuse as to why rebuttal by Mr. Garside was not presented in advance by way of declaration. Under those facts, we see no abuse of discretion on the part of the trial court.

As discussed post, in part l.e., the defense of laches has not been allowed by the California Supreme Court when the creditor-spouse attempted execution within the statutory limitations period. (DiMarco v. DiMarco (1963) 60 Cal.2d 387, 394 [33 Cal.Rptr. 610, 385 P.2d 2]; Szamocki v. Szamocki (1975) 47 Cal.App.3d 812, 818 [121 Cal.Rptr. 231].)

As previously noted, former Civil Code section 4384 is now codified as Family Code section 291, which reads: “The lack of diligence for more than the period specified in Chapter 7 (commencing with Section 5100) of Part 5 of Division 9 in seeking enforcement of a judgment or order made, entered, or enforceable pursuant to this code that requires the *1361 payment of money shall be considered by the court in determining whether to permit enforcement of the judgment or order under Section 290.”

In support of his position that the trial court’s decision should be affirmed, respondent liberally cites In re Marriage of Sweeney (1999) 76 Cal.App.4th 343 [90 Cal.Rptr.2d 298], a Fifth District case that is not yet final. However, Sweeney involves facts not before us. In Sweeney, the 10-year limitation on enforcement of support judgments had long expired before the enactment of the 1992 amendment to former Civil Code section 4384.5 (now Fam. Code, § 4502). Accordingly, the Sweeney court decided that Family Code section 4502 cannot be used to revive judgments that were already barred by the period of limitations in existence prior to the 1992 amendment of former Civil Code section 4384.5. Conversely, in the present appeal, the 10-year period had not expired at the time of such amendment. Therefore the retroactivity of the 1992 amendment is not here at issue.

Family Code section 4011 provides: “Payment of child support ordered by the court shall be made by the person owing the support payment before payment of any debts owed to creditors.”

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.