[No. E018551. Fourth Dist., Div. Two. Nov. 18, 1997.]

In re the Marriage of MARGARET and GEORGE PLESCIA.
MARGARET PLESCIA, Appellant, v.
GEORGE PLESCIA, Respondent.

COUNSEL

Gregory T. Annigian for Appellant.

Gassner & Gassner and Lawrence M. Gassner for Respondent.

OPINION

**HOLLENHORST, Acting P. J.**—During a hearing pursuant to a show cause order, the superior court used the equitable doctrine of laches to deny Margaret Plescia's demand for past due spousal support. She appeals, contending that the superior court exceeded its jurisdiction when it invoked the doctrine of laches. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 1979, the superior court issued an interlocutory judgment of dissolution of marriage to Margaret and George Plescia. At the time, the court did not order payment of spousal support, although it expressly reserved jurisdiction over the issue for both parties until their death or remarriage.

In 1984, the order was modified pursuant to a show cause order. Respondent was ordered to pay appellant $150 per month so long as appellant provided respondent with a list of 20 job contacts each month, this condition becoming active within 5 days of appellant's release from disability. The support was to continue until the death of either party, remarriage of appellant, or further order of the court.

During a contempt hearing in May and June of 1986, the superior court held that respondent owed no back spousal support payments because appellant had never provided a list of 20 job contacts. However, the court also modified the support order and removed the condition requiring a showing of job contacts from future spousal support.

On July 2, 1988, appellant remarried, terminating the requirement for continuing spousal support payments.

At some point between July of 1988 and November of 1995 respondent retired from his railroad job and now subsists solely on his pension.

On April 18, 1996, an order to show cause hearing was held. Appellant contended that respondent owed spousal support arrears from June of 1986

through July of 1988. With interest this amount totaled $15,063.73. Respondent stipulated that no payment had ever been made and the superior court dismissed respondent's argument that the 1986 modification was improper. The court did note that respondent truly believed he did not have to make spousal support payments unless he received a list of 20 job contacts. Nevertheless, respondent was found to be in arrears.

However, the superior court held that, in light of basic fairness and respondent's change of position, the claim would not be enforceable because of the equitable doctrine of laches.

Appellant's motions to reconsider under Code of Civil Procedure sections 1008 and 663 were denied in a hearing on May 30, 1996.

## DISCUSSION

Appellant contends that the superior court exceeded its jurisdiction when it invoked the doctrine of laches.

### I.  *The Doctrine of Laches*

■  Generally, the existence of laches is a question of fact to be determined by the trial court in light of all the applicable circumstances, and in the absence of a palpable abuse of discretion, the trial court's finding of laches will not be disturbed on appeal. (*Millbrae Assn. for Residential Survival* v. *City of Millbrae* (1968) 262 Cal.App.2d 222, 247 [69 Cal.Rptr. 251].)

The defense of laches is derived from the maxim that "[t]he law helps the vigilant, before those who sleep on their rights." (Civ. Code, § 3527.) This has been restated as "[e]quity frowns upon stale demands [and] declines to aid those who have slept on their rights." (*Latta* v. *Western Inv. Co.* (9th Cir. 1949) 173 F.2d 99, 107.)

In practice, laches is defined as an unreasonable delay in asserting an equitable right, causing prejudice to an adverse party such as to render the granting of relief to the other party inequitable. (*Wells Fargo Bank* v. *Bank of America* (1995) 32 Cal.App.4th 424, 439 [38 Cal.Rptr.2d 521].) Thus, if a trial court finds (1) unreasonable delay; and (2) prejudice, and if its findings are not palpable abuses of discretion, a finding of laches will be upheld on appeal.

■  In the instant case, the trial court found that it was unreasonable for appellant to have delayed from 1986 to 1995 without attempting to collect

on the judgment. In light of the record, the trial court did not palpably abuse its discretion. Appellant waited over nine years before bringing her initial claim. During this period appellant remarried and had "lived life" without asking for the arrears. It was not a palpable abuse of discretion for the trial court to find this delay unreasonable.

Further, the trial court found that the delay in collection unduly prejudiced respondent. Again, with respect to the record, we find that this was not a palpable abuse of discretion on the part of the trial court. Respondent had retired, changing the parties' relative circumstances, and could no longer pay the support order. In addition, respondent had a good faith belief that no spousal support payment was due until appellant provided him with 20 job contacts. Since appellant never provided these contacts, respondent assumed he did not owe appellant spousal support. The court acknowledged respondent's good faith belief, and held that it would circumvent basic fairness to allow appellant to bring this claim now, after sitting on her rights for almost a decade. Clearly the trial court did not abuse its discretion when it found respondent to have been unduly prejudiced by appellant's unreasonable delay in asserting her rights.

Thus, the trial court's finding of laches was well within the scope of its discretion; and consequently, this finding will not be disturbed on appeal.

## II. *The Jurisdiction of the Trial Court*

However, appellant does not simply challenge the trial court's finding of laches. Rather, appellant challenges the jurisdiction of the trial court to use the doctrine of laches in the first place. As we shall see, this jurisdictional challenge is based on statutory jurisdictional limitations appellant perceives in the Family Code[1] and not on the underlying jurisdiction of the superior courts.

The California Constitution states that "[s]uperior courts have original jurisdiction in all other causes except those given by statute to other trial courts." (Cal. Const., art. VI, § 10.) In addition, section 200 specifies that "[t]he superior court has jurisdiction in [all] proceedings under [the Family] code." Finally, it has long been settled that the jurisdiction of law and equity are blended together in this state. (Code Civ. Proc., § 307; *Thayer* v. *White* (1853) 3 Cal. 228, 229.) Thus, the equitable defense of laches, in a matter proceeding under the code, falls squarely under the jurisdiction of a superior court.

Moreover, it is axiomatic that one who seeks equity must be willing to do equity. (*Farmers Ins. Exchange* v. *Zerin* (1997) 53 Cal.App.4th 445,

---

[1]Unless otherwise indicated, further statutory references are to the Family Code.

453 [61 Cal.Rptr.2d 707].) This maxim has been interpreted to mean that a court will not grant equitable relief to one party unless that party acknowledges the equitable claims or defenses of the adverse party that grow out of the same controversy. (Cf. *Russell* v. *Soldinger* (1976) 59 Cal.App.3d 633, 645 [131 Cal.Rptr. 145].) This maxim stems from the paramount principle that equity is, peculiarly, a forum of conscience. (*Couts* v. *Cornell* (1905) 147 Cal. 560, 563 [82 P. 194].)

Historically, equity jurisdiction was deemed to include the right to award spousal support in a proper case. (24 Am.Jur.2d, Divorce and Separation, § 540, p. 560.) Further, in California it has been held that the sole purpose of permanent spousal support is to make an *equitable* apportionment between the parties. (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 166 [18 Cal.Rptr.2d 743]; see also 33 Cal.Jur.3d (rev.) Family Law, § 1014, p. 498.) Concurrently, the laches defense is derived directly from the guiding maxims of equity. (Civ. Code, § 3527.) Thus, a party seeking an equitable grant of spousal support must be willing to grant the equitable defense of laches in the same controversy.

In 1981, 1984, and 1986, appellant approached the court under its mantle of equity in order to receive a more conscionable apportionment of the parties' financial resources. Now, when respondent seeks to raise the equitable defense of laches, appellant cries foul. The fact that this is a proceeding on a writ of execution and not a proceeding on modification is irrelevant as this is undeniably the fruit of the same controversy. (Cf. *Russell* v. *Soldinger, supra,* 59 Cal.App.3d 633, 645.) It is a fundamental duty of the court to provide equity to all parties, and fully dispose of the issues between the parties. (See *Nomellini Construction Co.* v. *Harris* (1969) 272 Cal.App.2d 352, 359 [77 Cal.Rptr. 361].) Further, in effecting a complete disposition of the litigation before it, equity can extend its jurisdiction to matters that ordinarily are subject to legal cognizance only. (*St. Sava Mission Corp.* v. *Serbian Eastern Orthodox Diocese* (1990) 223 Cal.App.3d 1354, 1367 [273 Cal.Rptr. 340].) Thus, unless the Legislature specifically excluded laches from the jurisdiction of the superior court, the court not only had the power to bring this controversy to an equitable conclusion, it had the duty. Therefore, respondent's equitable defense of laches, raised during the equitable disposition of appellant's spousal support order, should be affirmed absent any explicit statutory language to the contrary.

The appellant essentially puts forth two separate statutory arguments in support of her contention that the superior court lacked jurisdiction to find laches in an action on a writ of execution for spousal support. First, appellant asserts that spousal support has no applicable statute of limitations, and thus

is always due until paid. Second, appellant asserts that, when the Legislature seemingly circumvented the requirement of diligence on the part of the party seeking enforcement by writ of execution, it was attempting to circumvent the defense of laches as well. We will address each of these assertions in turn.

## A. Statute of Limitations

Appellant argues that "[n]otwithstanding [Family Code section 291], a spousal support order may be enforced by a writ of execution . . . *as long as the support order remains enforceable*." (§ 5101, italics added.) Section 291 states that lack of diligence shall be considered by the court in determining whether to permit enforcement, but only when the lack of diligence is for longer than the period specified in sections 5100-5104. Further, "a judgment for . . . spousal support . . . is exempt from any requirement that judgments be renewed. [Thus, a] judgment for . . . spousal support . . . *is enforceable until paid in full*." (§ 4502, italics added.) Appellant argues that since sections 5100-5104 do not specify any period, and since spousal support payments are enforceable until paid in full, there is no applicable statute of limitations, and a judgment would be enforceable indefinitely.

If we assume that appellant's statutory interpretation is correct, insofar as there is no statutory limit on the period in which a writ of execution can be brought on a judgment for spousal support, this would not ipso jure lead us to the position that the equitable defense of laches can never be raised in opposition to this same writ. Laches should always be available as a defense under the proper circumstances.

The flaw in appellant's statutory argument is that appellant analogizes in the wrong direction. ▮ It has long been held that the mere enactment of a statute of limitations will not cause the atrophy of laches. Thus, when one party's unjustified delay operates to the injury of another party, the defense of laches may be successfully invoked, even though the lapse of time is *less* than the applicable period of limitations. (Cf. *Holt* v. *County of Monterey* (1982) 128 Cal.App.3d 797, 801 [180 Cal.Rptr. 514].)

Appellant analogizes, however, that if laches is applicable when there *is* a statute of limitations, then it must not be applicable when there *is not* a statute of limitations. This argument misstates the basic reasoning behind the statement of law from which appellant analogizes, namely that laches may be invoked even when the lapse of time is less than the applicable statutory period.

The reason that laches may be successfully invoked, even when a relevant statute of limitations has not expired, is because it was the product of a

different body of jurisprudence and has different requirements than a statute of limitations; not because laches is a lesser included portion of a statute of limitations. Nothing more than the mere passage of time is required for the statute of limitations to bar an action at law. (*State Farm Fire & Casualty Co.* v. *Superior Court* (1989) 210 Cal.App.3d 604, 612 [258 Cal.Rptr. 413].) However, mere passage of time alone will never constitute a proper defense of laches. (*Green* v. *Board of Dental Examiners* (1996) 47 Cal.App.4th 786, 794 [55 Cal.Rptr.2d 140].) For laches to apply, the passage of time must be unreasonable, and it must have caused prejudice to the other party. (See *Martin* v. *Kehl* (1983) 145 Cal.App.3d 228, 241 [193 Cal.Rptr. 312].) Thus, laches exists independently of a relevant statute of limitations.

■ Since laches exists independently of a relevant statute of limitations, appellant's argument is without merit. When a statute provides for absolutely no period of limitations, this does not mean that the statute provides for absolutely no laches defense. These two doctrines are fundamentally different, and the valid existence of one in no way inhibits or supports the valid existence of the other. This is because " '[e]quity . . . has its origin . . . in those cases where the law, by reason of its universality, would create injustice in the affairs of men.' " (*Estate of Vargas* (1974) 36 Cal.App.3d 714, 718 [111 Cal.Rptr. 779, 81 A.L.R.3d 1]; see also *Holy Trinity Church* v. *United States* (1892) 143 U.S. 457, 472 [12 S.Ct. 511, 516-517, 36 L.Ed. 226].) Equity was specifically designed to step in where the law does not work justice.

Thus, appellant's argument, that since spousal support is not subject to a statute of limitations, then it, ipso jure, must not be subject to the laches defense, must fail.

### B. *Diligence Requirement*

Next, appellant asserts that when the Legislature seemingly circumvented the requirement of diligence on the part of a party seeking enforcement by writ of execution, it was attempting to circumvent the defense of laches as well.

Section 291 states that "lack of diligence for more than the period specified in [sections 5100-5104] in seeking enforcement of a judgment . . . made . . . pursuant to this code . . . shall be considered by the court in determining whether to permit enforcement of the judgment . . . ." This "period specified" was set at 10 years in 1982. (Former Civ. Code, § 4384.) However, in 1993, the code sections specifying this period were changed. Spousal support judgments no longer had to be renewed to retain validity.

(Code Civ. Proc., § 683.130.) Thus, spousal support judgments became enforceable until paid in full. (§ 4502.) The Legislature seemed to be saying that lack of diligence in seeking enforcement of a judgment for spousal support would no longer be looked at, since there is no longer a specified statutory period in sections 5100-5104. Appellant argues that this elimination of the lack of diligence requirement implies a legislative elimination of the equitable defense of laches as well.

It is a fundamental tenet of statutory interpretation that absent any indication that the Legislature intends a statute to supplant common law, the courts should not give it that effect. (*Lacher* v. *Superior Court* (1991) 230 Cal.App.3d 1038, 1050 [281 Cal.Rptr. 640].) Of course, this tenet will not apply when a Legislature has minutely described the limitations and exceptions dealing with a given subject matter. (*Ibid.*) In the instant case appellant urges us to supplant the well-established common law doctrine of laches through the elimination of a diligence requirement for a statute of limitations, an elimination that is only apparent after a close reading of several often modified statutes. While it appears to be true that the consideration of diligence has been eliminated when a court enforces a spousal support order by a writ of execution, this sleight of hand interpretation will not be expanded to areas of the common law long held established. Absent any legislative indication that laches has been supplanted as an equitable defense, we refuse to condone its supplantation by fiat.

It is also a fundamental tenet of statutory interpretation that legislation will be interpreted on the assumption that the Legislature was aware of existing judicial decisions. (*People* v. *Hall* (1994) 8 Cal.4th 950, 961-962 [35 Cal.Rptr.2d 432, 883 P.2d 974].) Although there has been very little California litigation on this specific issue, the existence of a laches defense to spousal support arrearages has long been recognized. (See *Rupp* v. *Rupp* (1954) 129 Cal.App.2d 23 [276 P.2d 144]; *Long* v. *Long* (1946) 76 Cal.App.2d 716 [173 P.2d 840].) In other states where this same issue has been considered, laches has been allowed as an equitable defense. (*Jerkins* v. *Dept. of Health and Rehabilitative Services* (Fla.Dist.Ct.App. 1995) 653 So.2d 1128.) Also, in at least 18 other states the defense of laches has been upheld in an action on spousal support arrearages. (See Annot., Laches or Acquiescence as Defense, So As to Bar Recovery of Arrearages of Permanent Alimony or Child Support (1981) 5 A.L.R.4th 1015, §§ 3, 6.) In addition, there are states that do recognize laches as a valid defense to spousal support, but simply have not had a case which met all of the requirements of laches. (*Ibid.*) It is clear that the laches defense to spousal support is established in judicial opinions reflecting the common law. Assuming that the Legislature was aware of this established law, its failure to use the language of laches weighs in heavily against appellant's argument.

    Moreover, one of the fundamental tools for statutory interpretation is the maxim *expressio unius est exclusio alterius*. (*Kinlaw* v. *State of California* (1991) 54 Cal.3d 326, 343 [285 Cal.Rptr. 66, 814 P.2d 1308].) This maxim is roughly translated as "the expression of the one thing implies the exclusion of the other." (Cf. *Ibid.*)      In the statutory scheme at hand, the Legislature eliminates from judicial consideration the requirement of diligence in a spousal support action. (See §§ 291, 4502, 5101.) However, it has long been established that the requirements of a valid laches defense are: (1) unreasonable delay, and (2) undue prejudice to the party raising the defense. (See 11 Witkin, Summary of Cal. Law (9th ed. 1990) Equity, §§ 14-16, pp. 690-694.) While diligence may be a factor taken into account when examining the reasonableness of a delay, these two doctrines are certainly not coterminous in definition. Further, diligence has very little to do with the prejudice aspect of the laches defense. Thus, when the Legislature expressly eliminated the diligence defense, it must be seen to have left all other defenses alone, especially since we have no indications to the contrary.

    Taking into account the long common law history of the laches defense, and the large amount of judicial support for it in other states, we find the Legislature's failure to mention laches quite conspicuous. When the Legislature discontinued looking at diligence, it could have eliminated the laches defense as well. It did not do so. Thus, we conclude that the Legislature's decision to leave laches out of its legislative scheme allows that remedy to remain available in appropriate cases.

    The superior court had jurisdiction to apply the equitable defense of laches in an execution action for spousal support arrears.

DISPOSITION

    The judgment is affirmed.

Ward, J., and Gaut, J., concurred.