[No. G028809. Fourth Dist., Div. Three. Apr. 18, 2002.]

COUNTY OF ORANGE, Plaintiff and Appellant, v.
DANIEL QUINN, Defendant and Respondent.

**COUNSEL**

Bill Lockyer, Attorney General, Charlton G. Holland III, Assistant Attorney General, Frank S. Furtek and Mary Dahlberg, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**SILLS, P. J.—**

### I. INTRODUCTION

■ The instant appeal arises from the trial court's application of the "five-year" rule, as it is spelled out in the Code of Civil Procedure, to a welfare reimbursement family support proceeding. (Code Civ. Proc., §§ 583.310, 583.360.) A statutory exception to the five-year rule presently exists in section 583.161 of the Code of Civil Procedure for *dissolution* actions where a pendente lite child support order is issued,[1] but the Code of Civil Procedure contains no express exception for actions involving child support that do not arise from dissolution petitions.

The disparity between dissolution actions and other actions in which a pendente lite child support might be obtained is, of course, anomalous. It is well established, at the dawn of the 21st century, that whether a child was born in or out of wedlock makes almost no difference in any legal context whatsoever. (We say "almost" because wedlock can affect who is judged to be the father if paternity is disputed.)

We will come to the same result under these circumstances as *Thompson v. Thames* (1997) 57 Cal.App.4th 1296 [67 Cal.Rptr.2d 695], but offer a statutorily based solution to the anomaly. Section 3601, subdivision (b) of the Family Code contains an express exception to the five-year rule found in the Code of Civil Procedure for all actions where a pendente lite child support order might be filed. That statute provides that pendente lite child support orders continue in effect until terminated by the court or by operation of law, notwithstanding the five-year rule.

Distinguishing the pendente lite child support order itself from the balance of the case awaiting trial would be ridiculous. Statutes should be read as a whole (e.g., *City of Huntington Beach v. Board of Administration* (1992) 4 Cal.4th 462, 468 [14 Cal.Rptr.2d 514, 841 P.2d 1034]), and when section 3601 is read as a whole, it is inescapable that the *entirety* of any case where a pendente child support order is made is within the express exception to the five-year rule set forth in subdivision (b) of section 3601. The upshot is that the trial court erred in dismissing the instant case.

---

[1]Statutory references in this opinion to sections 583.161, 583.310, 583.330, 583.340, and 583.360 are all to the Code of Civil Procedure. Statutory references to section 3601 are to the Family Code.

## II. FACTS

The child in question, Lisa, was born to Dorothy Madden and Daniel Quinn on May 18, 1983. While the record is not clear, it appears that Dorothy began receiving public assistance for Lisa in late 1983. It is unknown what Daniel's whereabouts were at that time.

It is known, however, that Daniel was in and out of jail from 1985 through 1999. On June 21, 1988, nearly five years after Lisa had begun receiving public assistance, Daniel was served with a complaint to establish child support for Lisa and for reimbursement of public assistance. Daniel did not respond to the complaint. On July 29, 1988, the court entered an expedited child support order pursuant to former Civil Code section 4357.5, requiring Daniel to pay $135 per month, beginning August 1, 1988. Daniel was not present at any proceeding. From the record it appears that Daniel made no payments and no attempts were made on the part of the County to enforce the judgment.

Roughly 11 years later, on July 19, 1999, the county filed an order to show cause for the *downward* modification of child support, apparently because Daniel was incarcerated and had no opportunity to work. (Why the county went to the trouble of making things easier on Daniel is also not in the record.) The court granted the motion to modify on September 7, 1999, and further payments were "reserved."

One of the results of Daniel's never having paid anything on the $135 a month order was an inability to obtain a driver's license. In November 2000, he filed a motion for judicial review of the denial, and while he was at it also filed a motion to dismiss the county's reimbursement action for failing to bring the action to trial within five years. The trial court agreed with Daniel's latter motion and dismissed the case.

## III. DISCUSSION

### A. *The Code of Civil Procedure Statutes*

Together, Code of Civil Procedure sections 583.310 and 583.360 establish what is known to California litigators as the "five-year rule." (E.g., *Moss v. Stockdale, Peckham & Werner* (1996) 47 Cal.App.4th 494, 501 [54 Cal.Rptr.2d 805] [malpractice action where a former attorney failed to prosecute his client's case within the five-year time frame].) As framed in the Code of Civil Procedure, the basic statutes are written in absolutist language. First, section 583.310 provides that an "action *shall* be brought to

trial five years after the action is commenced against the defendant." (Italics added.) Then section 583.360 requires a court to dismiss the case, even on its own motion, subject only to express statutory exceptions: "(a) An action *shall* be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are *mandatory* and are not subject to extension, excuse, or *exception except as expressly provided by statute.*" (Italics added.)

The Code of Civil Procedure contains some "express" statutory exceptions. Parties can agree to extend the period by written stipulation or oral agreement in open court (§ 583.330), and the period is tolled when there is no jurisdiction to try the action or it is impossible, impracticable or futile to bring the case to trial (§ 583.350). The *closest* express exception contained in the Code of Civil Procedure is section 583.161, which rather clearly applies only to cases where there is a petition for marital dissolution: "No petition filed pursuant to Section 2330 of the Family Code [which begins with the words, 'A proceeding for *dissolution of marriage* or for legal separation of the parties is commenced by filing a petition'] shall be dismissed pursuant to this chapter if any of the following conditions exist: [¶] (a) An order for child support has been issued in connection with the proceeding and the order has not been (1) terminated by the court or (2) terminated by operation of law pursuant to Sections 3900, 3901, 4007, and 4013 of the Family Code." The focus on dissolution cases is then reemphasized in subdivision (c), which includes, as one of the "conditions" which, if they exist, exempt the "petition" from dismissal, the fact that "[t]he petition is for dissolution of the marriage."

None of the Family Code statutes cross-referenced in Code of Civil Procedure section 583.161 suggest termination by operation of law for simply not bringing the case to trial. Family Code sections 3900 and 3901 establish that the duty of child support basically lasts until the child turns 18 and is out of high school, section 4007 simply says that a court can make an interim child support order that ends contingent on a "specified event" (e.g., the child wins big in a probate action), and section 4013 only applies if the obligation to pay child support is discharged in bankruptcy, which now doesn't happen anyway (see 11 U.S.C. § 523(a)(5) & (18); e.g., *In re Leibowitz* (9th Cir. 2000) 217 F.3d 799, 800 ["Recent changes to the bankruptcy and welfare laws, however, now lead us to conclude that an absent parent who owes money to the county for child support payments is not entitled to discharge any portion of the debt . . . ."].)

The text of section 583.161 thus unambiguously extends immunity from the five-year rule no further than marital dissolution cases.

Why the Legislature should have seen fit to draft the exemption so narrowly in 1994 is not readily apparent. (Cf. *In re Marriage of Dunmore* (1996) 45 Cal.App.4th 1372 [53 Cal.Rptr.2d 450] [statute is procedural and therefore could apply to dissolution filed in 1988 when law was different].) It may just have been a product of focusing too narrowly on dissolution cases and forgetting that there are other kinds of cases that also involve child support orders.

## B. *The Anomaly and the Solution*

Even though the Legislature often moves in mysterious ways, it cannot be gainsaid that the failure to include other kinds of action within the exemption from the five-year rule makes much apparent sense. If one simply connects the statutory dots plainly set down in the Code of Civil Procedure—as the trial court did here—one ends up with a picture that shows less protection being afforded to children born out of wedlock in a paternity action, or to the taxpayers in family support actions, than to the children of formerly married couples (who, ironically, are, generally speaking, more likely to be *better* provided for than the children of unmarried parents or children on welfare). As we mentioned above, the marital status of the parents almost never makes a difference to a child. (See *Thompson v. Thames, supra*, 57 Cal.App.4th at p. 1310 ["the Legislature in 1975 abolished distinctions in the legal treatment of children based on birth status"].)[2]

In the face of this lacuna, the Attorney General now makes the same equal protection argument that was obliquely adopted in *Thompson*. (See *Thompson v. Thames, supra*, 57 Cal.App.4th at p. 1310.) But while we certainly agree with the result in *Thompson*, we proffer a different mode of analysis. ■ In construing statutes a court should presumptively shy away from constitutional questions if possible. (E.g., *Santa Clara Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230 [45 Cal.Rptr.2d 207, 902 P.2d 225] [it is a " ' "well-established principle that this Court will not decide constitutional questions where other grounds are available and dispositive of the issues of the case" ' "]; *People v. Brown* (1993) 6 Cal.4th 322, 335 [24 Cal.Rptr.2d 710, 862 P.2d 710] [noting "the maxim that a statute must be construed, if possible, to avoid constitutional issues"]; *Association for Retarded Citizens v. Department of Developmental Services* (1985) 38 Cal.3d 384, 394 [211 Cal.Rptr. 758, 696 P.2d 150] [in choosing between statutory interpretations, courts should pick the one that

[2]Offhand, the only exception that comes to mind is paternity. The marital status of the ostensible parents can affect various presumptions about who is the legal father. (E.g., Fam. Code, § 7611, subd. (a).) And maybe not even then. (See *In re Jerry P.* (2002) 95 Cal.App.4th 793 [96 Cal.App.4th 954b, 116 Cal.Rptr.2d 123].)

avoids doubt as to constitutional validity]; *Anderson v. Superior Court* (1995) 11 Cal.4th 1152, 1166 [48 Cal.Rptr.2d 766, 907 P.2d 1312] (dis. opn. of Kennard, J.) [noting duty of court "to construe statutes so as to avoid constitutional questions"]; *Guardianship of Stephen G.* (1995) 40 Cal.App.4th 1418, 1425 [47 Cal.Rptr.2d 409] [quoting *People v. Brown*].)

A *statutory* solution to the anomaly is found in Family Code sections 3600 and 3601. Both sections 3600 and 3601 are in chapter 4 of part 1 of division 9 of the Family Code (basically dealing with support). Section 3600 authorizes a court during the pendency of "any proceeding where there is at issue the support of a minor child"—and that certainly includes family support actions—to make an order that either or both parents "pay any amount necessary for the support of the child." Next, section 3601, subdivision (a) states that an order for child support "entered pursuant to this chapter"—and again, that would certainly include pendente lite orders in family support actions—"continues in effect until the order is terminated by the court" or by operation of law pursuant to a number of Family Code sections which delineate how long a child support obligation lasts (e.g., the child is 18 and out of high school).

Significantly, subdivision (b) of section 3601 states that the operation of subdivision (a) "applies notwithstanding any other provision of law and notwithstanding the time limits specified" by the Code of Civil Procedure in the five-year statutes.

 The operation of section 3601, when read as a whole, has necessary consequences. If a pendente lite order "continues" until, say, a child is out of high school, then it follows that the case supporting the order cannot be dismissed at least until then. Any other result is nonsensical.

True, the express exemption from the five-year rule contained in section 3601, subdivision (b) does not mention anything other than the pendente lite child support order. But differentiating between a pendente lite order that must continue under section 3601 and the balance of the case awaiting trial is impractical to the point of surreality. You can't very well have a viable pendente lite support order—that is, an order pending trial—when there isn't going to be any trial because the underlying case has been dismissed.

Certain ideas have their consequences, and when the Legislature said all pendente lite child *orders* are exempted from the five-year rule, it necessarily also said that all *cases* in which pendente lite child support orders have been obtained are exempted as well. We therefore conclude that, when section

3601 is read as a whole, it sets forth an express exception to the five-year rule for any case in which a pendente lite child support order is obtained.[3]

Finally, our conclusion accords with the Legislature's general scheme regarding child support collections. ■ Strictly speaking, the Legislature hasn't provided for a "statute of limitations" on child support collection actions; there is, at best, only a laches defense (see *In re Marriage of Dancy* (2000) 82 Cal.App.4th 1142, 1149-1151 [98 Cal.Rptr.2d 775]) and maybe not even that (see *id.* at p. 1163 (dis. opn. of Ramirez, P. J.)). Consider also that in typical five-year-rule cases, the plaintiff will in all likelihood have lost any ability to refile the action, because the statute of limitations will have run on the cause of action. In contrast, were this case dismissed, it *could* be immediately refiled and the new case could even include all amounts accrued for past child support. In most instances, such a dismissal would be an idle act. (See Civ. Code, § 3532 ["The law neither does nor requires idle acts."].) (Of course, common law laches may be a whole different issue, see generally *In re Marriage of Cordero* (2002) 95 Cal.App.4th 653 [115 Cal.Rptr.2d 787]; *In re Marriage of Plescia* (1997) 59 Cal.App.4th 252 [69 Cal.Rptr.2d 120]; *In re Marriage of Dancy, supra,* 82 Cal.App.4th 1142.)

■ One may even go so far as to say that the Legislature has adopted a policy of relaxed indifference toward letting time pass on child support collections. In 1993 it went so far as to remove any requirement that a child support order even be renewed after the passage of 10 years, so as to make

---

[3]And for any sticklers who might undertake the metaphysically daunting task of distinguishing between pendente lite orders (obviously expressly exempted from the five-year rule) and the balance of the case (less obviously exempted), there is an even easier answer. Assuming, for sake of argument, that the balance of the case is only *impliedly* exempted from the five-year rule, it would then be undeniable that there are two sets of inconsistent statutes. That is, there is no avoiding the fact that section 3601 *necessarily* tolls the balance of the case from the five-year statute for the duration of a child's minority. Any other conclusion would nullify what it expressly says about pendente lite orders. (See *Lakkees v. Superior Court* (1990) 222 Cal.App.3d 531, 538-539 [271 Cal.Rptr. 845].) And, as between two sets of inconsistent statutes, the more specific controls over the more general. (Code Civ. Proc., § 1859; e.g., *San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147] [" 'It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former.' "]; *People v. Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580] [" 'where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute . . . .' "]; *Citizens for Covenant Compliance v. Anderson* (1995) 12 Cal.4th 345, 383 [47 Cal.Rptr.2d 898, 906 P.2d 1314] (dis. opn. of Kennard, J.) ["It is a settled principle of statutory construction that a specific statute enacted by the Legislature to cover a particular subject 'controls and takes priority over a general statute encompassing the same subject.' "].) Specific Family Code section 3601 would thus trump general Code of Civil Procedure section 583.360.

child support collection work easier on district attorneys' offices. (See *In re Marriage of Cordero, supra,* 95 Cal.App.4th at p. 663; *In re Marriage of Fogarty & Rasbeary* (2000) 78 Cal.App.4th 1353, 1363 [93 Cal.Rptr.2d 653].) That attitude is consistent with exempting child support collection actions (at least where a pendente lite order is obtained early on) from the operation of the five-year rule.

## IV. DISPOSITION

It is thus clear that the trial court erred in dismissing the entire case even though more than five years elapsed without trial. The judgment of dismissal is reversed and remanded for further proceedings. Our opinion is without prejudice as to other, albeit related, issues that may lurk on remand, including any problem of laches. (Cf. *In re Marriage of Cordero, supra,* 95 Cal.App.4th 653; *In re Marriage of Plescia, supra,* 59 Cal.App.4th 252.) In the interests of justice each side will bear its own costs on appeal—after all, the family support division wouldn't be before us if they had gotten "around to it" earlier.

Rylaarsdam, J., and Bedsworth, J., concurred.