BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE HECTOR DE LA TORRE, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
For purposes of calculating the amount of compensation allowed by statute for city council members, do the statutory amendments regarding payments received for serving on a commission or similar body that became effective on January 1, 2006, affect council members who were in office prior to January 1, 2006, so as to reduce their salaries prior to the expiration of their terms of office?
 CONCLUSION
For purposes of calculating the amount of compensation allowed by statute for city council members, the statutory amendments regarding payments received for services on a commission or similar body that became effective on January 1, 2006, do not affect council members who were in office prior to January 1, 2006, so as to reduce their salaries prior to the expiration of their terms of office. Conversely, the amendments do apply to council members whose terms commence on and after January 1, 2006.
 ANALYSIS
The salaries that city council members in a general law city may receive are regulated by statute. Government Code section36516[1] states:
 "(a) A city council may enact an ordinance providing that each member of the city council shall receive a salary, the amount of which shall be determined by the following schedule:
 "(1) In cities up to and including 35,000 in population, up to and including three hundred dollars ($300) per month;
 "(2) In cities over 35,000 up to and including 50,000 in population, up to and including four hundred dollars ($400) per month;
 "(3) In cities over 50,000 up to and including 75,000 in population, up to and including five hundred dollars ($500) per month.
 "(4) In cities over 75,000 up to and including 150,000 in population, up to and including six hundred dollars ($600) per month.
 "(5) In cities over 150,000 up to and including 250,000 in population, up to and including eight hundred dollars ($800) per month.
 "(6) In cities over 250,000 population, up to and including one thousand dollars ($1,000) per month.
 "For the purposes of this section the population shall be determined by the last preceding federal census, or a subsequent census, or estimate validated by the Department of Finance.
 "(b) At any municipal election, the question of whether city council members shall receive compensation for services, and the amount of compensation, may be submitted to the electors. If a majority of the electors voting at the election favor it, all of the council members shall receive the compensation specified in the election call. Compensation of council members may be increased beyond the amount provided in this section or decreased below the amount in the same manner.
 "(c) Compensation of council members may be increased beyond the amount provided in this section by an ordinance or by an amendment to an ordinance but the amount of the increase may not exceed an amount equal to 5 percent for each calendar year from the operative date of the last adjustment of the salary in effect when the ordinance or amendment is enacted. No salary ordinance shall be enacted or amended which provides for automatic future increases in salary.
 "(d) Unless specifically authorized by another statute, a city council may not enact an ordinance providing for compensation to city council members in excess of that authorized by the procedures described in subdivisions (a) to (c), inclusive. For the purposes of this section, compensation includes payment for service by a city council member on a commission, committee, board, authority, or similar body on which the city council member serves. If the other statute that authorizes the compensation does not specify the amount of compensation, the maximum amount shall be one hundred fifty dollars ($150) per month for each commission, committee, board, authority, or similar body.
 "(e) Any amounts paid by a city for retirement, health and welfare, and federal social security benefits shall not be included for purposes of determining salary under this section provided the same benefits are available and paid by the city for its employees.
 "(f) Any amounts paid by a city to reimburse a council member for actual and necessary expenses pursuant to Section 36514.5 shall not be included for purposes of determining salary pursuant to this section."[2]
Section 36516.5 additionally provides:
 "A change in compensation does not apply to a councilman during his term of office; however, the prohibition herein expressed shall not prevent the adjustment of the compensation of all members of a council serving staggered terms whenever one or more members of such council becomes eligible for a salary increase by virtue of his beginning a new term of office."
The question presented for resolution concerns the language of subdivision (d) of section 36516. This subdivision was added to the statute effective January 1, 2006. (Stats. 2005, ch. 178, § 1.) We are asked to what extent, if any, its terms may affect the salaries of city council members who were in office prior to January 1, 2006. We conclude that the new statutory provisions do not affect such council members' salaries during their current terms of office.
In examining the requirements of section 36516, subdivision (d), we may rely upon well recognized principles of statutory construction. Our primary purpose is to determine the Legislature's intent. (Hassan v. Mercy American River Hospital
(2003) 31 Cal.4th 709, 715; Esberg v. Union Oil Co. (2002)28 Cal.4th 262, 268.) Where ambiguity exists, "we look to `extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.]" (HoechstCelanese Corp. v. Franchise Tax Bd. (2001) 25 Cal.4th 508, 519.) "Committee reports are often useful in determining the Legislature's intent. [Citation.]" (California's Teachers Assn.v. Governing Bd. of Rialto Unified School Dist. (1997)14 Cal.4th 627, 646.)
Here, the goals of the 2005 statutory amendments are revealed in the legislative committee reports describing the circumstances intended to be addressed by the proposed legislation (Assem. Bill No. 11 (2005-2006 Reg. Sess.)). A report of the Assembly Committee on Local Government, for example, gives the following detailed statement of purposes:
"According to the author there is a loophole in current law that allows for unregulated compensation to city council members. Currently cities are authorized to create community development commissions (CDCs) to consolidate their housing authority and redevelopment agencies for the purpose of more efficient coordination in planning. CDCs are authorized to allow for the city council to be the legislative body of the CDC. As individual entities, both the housing authority and redevelopment agency are given strict compensation guidelines. A member of the housing authority may not receive more than $200 per month in compensation for the performance of official duties, and a member of the redevelopment agency may not receive more than $120 per month.
"However, CDCs were not given any specific guidelines in statute on how much compensation to provide. Since the law is silent on this matter, some city councils have compensated their members with hundreds, or even thousands of dollars per month for serving on a CDC. The author points to the City of Huntington Park, which awards its city council members $1,950 per month for serving on CDC, as a prime example of this abuse.
"Additionally, the author has provided information regarding the City of Compton, where council members may receive: $600 per month for serving [on] the council; $1,000 ($1,600 for the Mayor) per month for serving on the Urban Community Development Commission; $1,000 per month for serving on the Public Finance Authority; $1,000 per month for serving on the Housing Development Commission; and, $400 per month for serving on the Gaming Commission. None of these offices have a compensation amount prescribed in statute, and only the Urban Community Development Commission is actually authorized by statute. The remainder are created under the general powers of the city.
"The state provides cities with a broad base of authority to exercise powers in order to do the work of the people. However, the Legislature may wish to consider whether paying some council members in excess of $4,500 per month over and above their salaries for the performance of official duties is an abuse of this authority, especially given the fact that a majority of the council members also have full time jobs outside the city council." (Assem. Com. on Local Government, Rep. on Assem. Bill No. 11 (2005-2006 Reg. Sess.) as amended April 11, 2005, pp. 3-4.)
With these described legislative purposes in mind, we return to the language of section 36516. Subdivision (a) of the statute sets maximum amounts for the salaries of city council members, depending upon the size of the city they serve. (See 84 Ops.Cal.Atty.Gen. 13, 15-17 (2001); 80 Ops.Cal.Atty.Gen. 119, 120-122 (1997).) The residents of a city may vote to exceed the stated maximum amount (§ 36516, subd. (b); 84 Ops.Cal.Atty.Gen.,supra, at p. 17), and a city council may by ordinance exceed the maximum amount by 5 percent each year (§ 36516, subd. (c); 84 Ops.Cal.Atty.Gen., supra, at p. 17; 80 Ops.Cal.Atty.Gen.,supra, at p. 123). Retirement, health and welfare, and social security benefits (§ 36516, subd. (e)) and reimbursable expenses (§ 36516, subd. (f)) are not counted in calculating the maximum salary amount allowed under the statute.
Subdivision (d) of section 36516 contains three sentences. The first prohibits a city council from enacting an ordinance setting council member salaries higher than that allowed under subdivisions (a), (b), and (c) of the statute unless authorized by some other law. By itself, this first sentence makes no change in the law. While it operates prospectively as of January 1, 2006, it merely reflects what the law was prior to January 1, 2006; the 2005 legislation did not amend subdivisions (a), (b), or (c), governing the permissible salary amounts for service on a city council. (See Stats. 1984, ch. 100, § 2.) The applicable legal principle is: "`"In the grants [of power] and in the regulation of the mode of exercise, there is an implied negative; an implication that no other than the expressly granted power passes by the grant; that it is to be exercised only in the prescribed mode. . . ."'" (Wildlife Alive v. Chickering
(1976) 18 Cal.3d 190, 196.) Of course, if a specific statute did authorize exceeding the salary limits of section 36516, the former would control under the rule that "[p]articular expressions qualify those which are general." (Civ. Code, § 3534; see Lake v. Reed (1997) 16 Cal.4th 448, 464.)
It is the second and third sentences of section 36516, subdivision (d), that change the prior law. Effective January 1, 2006, the payments for a council member's services on a commission or similar body must be counted as part of the council member's salary for purposes of the other subdivisions of the statute,[3] and compensation for such services is limited to $150 per month unless otherwise specified by statute. As for any new ordinances adopted after January 1, 2006, they would necessarily be subject to subdivision (d)'s requirements, even as applied to council members in office prior to January 1, 2006.
What is the effect, however, of the second and third sentences of subdivision (d) of section 36516 upon the salaries of city council members in office before January 1, 2006, that are not in compliance with subdivision (d)? The provisions of section 36516.5 answer that question. A council member's compensation cannot be reduced during his or her term of office.[4] If members of a city council were receiving the maximum compensation authorized under subdivisions (a), (b), and (c) of section 36516, and receiving additional payments for commission activities prior to January 1, 2006, then subdivision (d) does not affect the salaries of these council members during their terms of office in a manner that would violate the prohibition of section 36516.5. Additionally, city council members receiving more than $150 per month for a commission's activities prior to January 1, 2006, may not have such compensation reduced during their current terms of office.
Consistent with this analysis is the general presumption that legislation is to have prospective application only. In WesternSecurity Bank v. Superior Court (1997) 15 Cal.4th 232, 243, the Supreme Court observed:
 ". . . A basic canon of statutory interpretation is that statutes do not operate retrospectively unless the Legislature plainly intended them to do so. [Citations.] A statute has retrospective effect when it substantially changes the legal consequences of past events. [Citation.] A statute does not operate retrospectively simply because its application depends on facts or conditions existing before its enactment. [Citation.] Of course, when the Legislature clearly intends a statute to operate retrospectively, we are obliged to carry out that intent unless due process considerations prevent us. [Citation.]"
Here, neither the text nor the legislative history of the statute indicates that subdivision (d) of section 36516 was intended by the Legislature to affect the salaries of city council members in a manner that would violate the terms of section 36516.5; hence, subdivision (d) is not to be applied retroactively. (See Civ. Code, § 3; Evangelatos v. SuperiorCourt (1998) 44 Cal.3d 1188, 1207-1209; Alch v. Superior Court
(2004) 122 Cal.App.4th 339, 399-400; In re Marriage of Garcia
(2003) 111 Cal.App.4th 140, 147; City of West Hollywood v. 1112Investment Co. (2003) 105 Cal.App.4th 1134, 1144-1145.) Simply put, the second and third sentences of subdivision (d) of section 36516 do not affect the salaries of city council members during their current terms of office in a manner that would reduce the amount of compensation they were receiving prior to January 1, 2006.
This interpretation of subdivision (d) of section 36516 is also consistent with the rule of statutory construction that the language of a statute should be construed to avoid constitutional infirmities. (See McClung v. Employment Development Dept.
(2004) 34 Cal.4th 467, 477; Myers v. Philip Morris Companies,Inc. (2002) 28 Cal.4th 828, 846-847.) Applying subdivision (d) to reduce the salaries of city council members who were in office prior to January 1, 2006, during their current terms would constitute an impairment of the obligation of contracts in violation of both the United States and California Constitutions. (U.S. Const., art. 1, § 10; Cal. Const., art. 1, § 9; see Olsonv. Cory (1980) 27 Cal.3d 532, 538; Sonoma County Organizationof Public Employees v. County of Sonoma (1979) 23 Cal.3d 296,303-305; 80 Ops.Cal.Atty.Gen., supra, pp. 124-125.)
We conclude that for purposes of calculating the amount of compensation allowed by statute for city council members, the statutory amendments regarding payments received for services on a commission or similar body that became effective on January 1, 2006, do not affect council members who were in office prior to January 1, 2006, so as to reduce their salaries prior to the expiration of their terms of office. The new limits do apply, however, to all council members whose terms commence on and after January 1, 2006.
[1] All further references to the Government Code are by section number only.
[2] Although "salary" and "compensation" may be defined differently for different purposes (see 85 Ops.Cal.Atty.Gen. 230, 232-233 (2002); 76 Ops.Cal.Atty.Gen. 157, 159 (1993)), the two terms here are used interchangeably by the Legislature (see 80 Ops.Cal.Atty.Gen., supra, at p. 123).
[3] Traditionally, the Legislature has treated the salary received for being a city council member as distinct from the payments received by a council member for services on a commission or similar body. (See, e.g., Health Saf. Code, §§33114.5, 34120, 34130.5; see also 83 Ops.Cal.Atty.Gen. 221, 222 (2000); 83 Ops.Cal.Atty.Gen. 215, 216-218 (2000).)
[4] We note that under section 36516.5, a council member's salary may be increased at the beginning of a new term of some other council member.